FILED
 2019 Oct-10  PM 04:46
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| Amanda Colvin, f/k/a Anderson, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| Midland Credit Management, Inc., a Kansas corporation and Midland Funding, LLC, a Delaware limited liability company, | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Amanda Colvin, f/k/a Anderson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.  Plaintiff, Amanda Colvin, f/k/a Anderson ("Anderson"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants attempted to collect a defaulted consumer debt, which she allegedly owed for a Webbank account.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant MCM operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Midland operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister company, Defendant MCM. Defendant Midland's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants MCM and Midland are authorized to conduct business in Alabama, and maintain registered agents here, see, records from the Alabama Secretary of State, attached as Group Exhibit A.  In fact, Defendants MCM and Midland

conduct business in Alabama.

## FACTUAL ALLEGATIONS

8. On May 4, 2018, Ms. Colvin filed a Chapter 7 bankruptcy petition in a matter styled In re: Colvin, N.D. Ala. Bankr. No. 18-40799-JJR7. Among the debts listed on Ms. Colvin's Schedule E/F was a debt that she allegedly owed for a Webbank account. Moreover, Defendant Midland was also listed on her bankruptcy, see, excerpt of Schedule E/F, attached as Exhibit B.

9. Accordingly, on May 5, 2018, Defendants were sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

10. On July 25, 2018, Ms. Colvin received a discharge of her debts, and on July 26, 2018, Defendants were sent, via electronic transmission, notice of the discharge by the court, see, the Certificate of Service to the Order of Discharge, which is attached as Exhibit D.

11. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

12. Nonetheless, Defendants sent Ms. Colvin a letter, dated May 10, 2019, regarding payment of the Webbank account she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit E.

13. Defendants' violations of the FDCPA were material because Defendants' continued collection communications after she had filed for bankruptcy made Plaintiff

believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Moreover, this collection demand alarmed, confused and worried Ms. Colvin.

14. Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

18. Demanding payment of a debt that is no longer owed due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

19. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

22. Here, the bankruptcy and the notices issued by that court (Exhibits B, C and D), provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

23. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

26. Defendants were given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt (Exhibits B, C and D).

Accordingly, Defendants were aware that Plaintiff was represented by an attorney in connection with the Webbank debt before it sent out the May 10, 2019 letter (Exhibit E).

27. By sending the letter directly to Ms. Colvin, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Amanda Colvin, f/k/a Anderson, prays that this Court:

1. Find that Defendants' form collection action violate the FDCPA;

2. Enter judgment in favor of Plaintiff Colvin, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amanda Colvin, f/k/a Anderson, demands trial by jury.

Amanda Colvin, f/k/a Anderson,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

By: /s/ Bradford W. Botes
One of Plaintiff's Attorneys

Dated: October 10, 2019

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps      (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com